# CIRCUIT COURT OF BALTIMORE CITY.

Filed March 15, 1897.

CITY OF BALTIMORE UNITED BREWERIES, ETC.,

VS.

DR. J. A. VON KULL.

*Brown & Brune* for plaintiff.
*Steiner & Putzel* for defendant.

DENNIS, J.—

On May 1st, 1896, the plaintiff and defendant entered into an agreement, under which the defendant was to act as solicitor for the Mount Brewery (one of the plaintiff's properties) for the term of one year, at a salary of thirty dollars per week, payable weekly. The contract further provided that, in consideration of the above salary to be paid him, the defendant also agreed that, "for a term of two years, beginning at the termination of your engagement with the Mount, whenever said termination shall occur, you will not sell beer to, or solicit orders in beer from any customer of the Mount Brewery, or Mount Bottling Works, existing at the date of your leaving our employ, except those you are now supplying, a list of which is hereto affixed."

Considerable testimony was offered to show that the words "whenever said termination shall occur" were not properly a part of the contract, as

they were not in the copy furnished the defendant; but I do not think it necessary to consider this question, as the words quoted do not affect the meaning of the contract one way or the other.

After some months service, disagreements arose between the parties, and the defendant offered his resignation as solicitor, which was accepted by the plaintiff. Thereupon the defendant proceeded to solicit the former customers of the Mount Brewery; as he frankly admits in his answer, and proposed to continue to do so, until he was stopped by the preliminary injunction.

The defendant contends that the agreement between him and the plaintiff was an entire contract, as it was supported by only one consideration; and that the offer of his resignation and its acceptance by the plaintiff operated as a complete rescission of the contract as to all its provisions.

While not disputing the general rule, I do not think that doctrine can be absolutely applied in a case like the present, where there are provisions which were by express terms made to apply and take effect only upon the termination of the contract. Here, it was provided, that for two years after the termination of the contract, the defendant should not solicit the former customers of the plaintiff. There was no exception made, in the event of the contract terminating in any other way than by full lapse of the period for which it was made, or any qualification whatever; but the obligation is made absolute upon the defendant as soon as the termination takes place, and so far as the language of the agreement shows, it is immaterial how that termination is made to occur. Of course, if it was terminated by the plaintiff's improperly discharging the defendant, or other wrongful act on his part, he would not be in a position to claim the benefit of his own wrong; but where the parties themselves simply agree to change the length of the term of service (which was all that the offer and acceptance of the resignation amounted to, and it was only in this sense that it can be considered as a rescission), then, in the absence of anything to show a contrary intent, and according to the clear meaning of the language used, the obligations which were to operate upon the termination of the contract are to have as full effect as if it had terminated by the lapse of the full period over which it had been originally designed to extend.

But, while this is my opinion as to proper construction of the contract, I do not think it is a case for an injunction. I do not see why the plaintiff cannot recover full compensation for any damages that may result to him from the failure of the defendant to perform his duty under the contract by an action at law for damages. The services of a solicitor for a brewery cannot be considered of that "technical or unique character" which cannot be measured by a mere pecuniary compensation, and in which class of cases alone, therefore, an injunction should issue. It would seem to be easy for the plaintiff to prove what former customers he had lost through the solicitations of! the defendant since the termination of the contract, and the damage he has suffered by such loss, and for this he is entitled to compensation; and this is a question which is, I think, eminently proper to be passed upon by a jury.

I will sign a decree, dissolving the preliminary injunction, and dismissing the bill.